# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JERRY BREW,

                    Plaintiff,

      v.

JOHNSON, et. al.,

                  Defendants.

_____/

CV F04-5445 REC LJO P

ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND (Doc.  1.)

ORDER DIRECTING CLERK OF COURT TO
SEND PLAINTIFF BLANK CIVIL RIGHTS
FORM

     Jerry Brew ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on March 18, 2004, against Defendants Johnson, Campbell, Reynold, Eckard and Hindt.

**A.  SCREENING REQUIREMENT**

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

4   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

5   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

6   complaint under this standard, the court must accept as true the allegations of the complaint in

7   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

8   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

9   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10  **B.  ALLEGATIONS IN COMPLAINT**

11  Plaintiff alleges that Defendant Reynold "punished" him for an argument by reassigning

12  him to a dormitory where the occupants smoked all day, thereby exposing him to second hand

13  smoke.  Plaintiff further alleges that he asked the remaining defendants to be moved to a different

14  dormitory to no avail.

15  *A. Retaliation*

16  Retaliation, although not referred to expressly in the Constitution, is actionable because

17  'retaliatory actions may tend to chill individuals' exercise of constitutional rights. Perry v.

18  Sindermann, 408 U.S. 593, 597 (1972).   Thus, a claim may be stated under 42 U.S.C. section

19  1983 where a plaintiff alleges retaliation by state actors for the exercise of his First Amendment

20  rights. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v.

21  Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

22  To establish a prima facie case, a plaintiff must allege and show that the defendants acted

23  to retaliate for his exercise of a protected activity, and defendants' actions did not serve a

24  legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt

25  65 F.3d at 807.  The injury asserted in retaliation cases is the retaliatory conduct's chilling effect

26  on the plaintiff's First Amendment rights.  See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir.

27  1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

28  A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus

1   between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).

2   McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of

3   Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or

4   circumstantial, to establish a link between the exercise of constitutional rights and the allegedly

5   retaliatory action.  Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation

6   may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's

7   Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

8          In this case, Plaintiff fails to allege facts sufficient to state a cognizable claim for relief

9   under Section 1983 with respect to his retaliation allegation.  Plaintiff should note further that

10  prisoners have no constitutional right to be incarcerated at a particular correctional facility.

11  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Based on the facts provided by Plaintiff, the

12  Court finds he states no cognizable claim for relief against Defendant Reynold for retaliation.

13      ***B. Eighth Amendment***

14         Plaintiff next alleges that Defendants Reynold, Johnson, Campbell, Hindt and Eckard

15  knew of his complaints regarding the exposure to second hand smoke yet did not move him to

16  another dormitory.

17         To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

18  conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,

19  452 U.S. 337, 347 (1981).  Where a prisoner alleges injuries stemming from unsafe conditions of

20  confinement, prison officials may be held liable only if they acted with "deliberate indifference to

21  a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

22  Exposure to levels of environmental tobacco smoke ("ETS") that pose an unreasonable risk of

23  serious damage to a prisoner's future health may state a cause of action under the Eighth

24  Amendment where prison officials acted with deliberate indifference.  Helling v. McKinney, 509

25  U.S. 25, 35 (1993).  The objective factor requires that the prisoner "show that he himself is being

26  exposed to unreasonably high levels of ETS" and that the "risk of which he complains is not one

27  that today's society chooses to tolerate."  Helling, 509 U.S. at 35-6.  The subjective factor

28  requires that the prisoner demonstrate that prison officials acted with deliberate indifference in

1  exposing him to ETS.  Id.

2         Plaintiff alleges specifically that he informed Defendants Johnson, Campbell and Hindt of

3  his exposure to the smoke yet they did nothing to move him.  The Court finds Plaintiff

4  sufficiently states a cognizable claim for relief against Defendants Johnson, Campbell and Hindt.

5  However, he does not state a claim against Defendants Edkard and Reynold.

6         The Complaint merely alleges that Defendant Reynold moved him to a dormitory where

7  the occupants smoked.  Plaintiff does not allege that Defendant Reynold knew he was not a

8  smoker and that such exposure would bother him.  Although Plaintiff states that he requested that

9  Defendant Reynold move him, he does not sufficiently allege that Defendant Reynold knew of

10  and disregarded a substantial risk of harm.

11         Similarly, with respect to Defendant Eckard, Plaintiff only alleges that he asked him to

12  move him to a separate dormitory.  There are no facts in the Complaint that would give rise to a

13  claim that Defendant Eckard knew of and disregarded a substantial risk of harm by failing to

14  move Plaintiff.

15         Accordingly, the Court finds Plaintiff states a cognizable claim against Defendants

16  Johnson, Campbell and Hindt.  However, he does not state a claim against Defendants Eckard

17  and Reynold.

18  **C. CONCLUSION AND ORDER**

19         The complaint sufficiently states a cognizable Eighth Amendment claim for relief against

20  Defendants Johnson, Campbell and Hindt.  However, the Complaint does not contain any other

21  cognizable claims for relief.  As such, the Court will grant Plaintiff the opportunity to file an

22  Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing

23  whether Plaintiff intends to proceed directly with those claims found to be cognizable.   Plaintiff

24  should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself

25  without reference to prior pleadings.

26         In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue

27  Findings and Recommendations to dismiss those claims not cognizable.  The Court will then

28  forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to

1  effect service on the Defendants.  Upon the return of these forms, the Court will direct the US

2  Marshal to initiate service of process on Defendants.

3        Based on the foregoing, it is HEREBY ORDERED that:

4      1.    The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

5          complaint form;

6      2.    The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days

7          from the date of service of this order, Plaintiff SHALL either:

8          a.    File an Amended Complaint curing the deficiencies identified by the Court

9              in this Order, or

10          b.    Notify the Court in writing that he does not wish to file an Amended

11              Complaint and instead wishes to proceed on the cognizable claims for

12              relief set forth in this Order.

13        Plaintiff is forewarned that his failure to comply with this Order may result in a

14  Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

15

16  IT IS SO ORDERED.

17  **Dated:**   **June 6, 2005**           **/s/ Lawrence J. O'Neill**
   b9ed48                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28