1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JERRY BREW,                                    CV F 04-5445 REC LJO P

10                          Plaintiff,

11          v.                                     FINDINGS AND RECOMMENDATIONS TO
                                                   DISMISS CERTAIN CLAIMS/DEFENDANTS
                                                   FROM ACTION
12  JOHNSON, et. al.,

13                          Defendants.

14  _____/

15

16          Jerry Brew ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

     this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on
17
     March 18, 2004, against Defendants Johnson, Campbell, Reynold, Eckard and Hindt.  On June 7,
18
     2005, this Court issued an Order dismissing the Complaint with leave to amend.  On June 22,
19
     2005, Plaintiff informed the Court that he would not be filing an Amended Complaint and
20
     instead, wished to proceed with the claims found cognizable by the Court.
21
     **A.  SCREENING REQUIREMENT**
22
            The court is required to screen complaints brought by prisoners seeking relief against a
23
     governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
24
     court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
25
     "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
26
     monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
27
     "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
28

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12  **B. ALLEGATIONS IN COMPLAINT**

13       Plaintiff alleges that Defendant Reynold "punished" him for an argument by reassigning

14  him to a dormitory where the occupants smoked all day, thereby exposing him to second hand

15  smoke.  Plaintiff further alleges that he asked the remaining defendants to be moved to a different

16  dormitory to no avail.

17       *A.  Retaliation*

18       Retaliation, although not referred to expressly in the Constitution, is actionable because

19  'retaliatory actions may tend to chill individuals' exercise of constitutional rights. Perry v.

20  Sindermann, 408 U.S. 593, 597 (1972).   Thus, a claim may be stated under 42 U.S.C. section

21  1983 where a plaintiff alleges retaliation by state actors for the exercise of his First Amendment

22  rights. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v.

23  Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

24       To establish a prima facie case, a plaintiff must allege and show that the defendants acted

25  to retaliate for his exercise of a protected activity, and defendants' actions did not serve a

26  legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt

27  65 F.3d at 807.  The injury asserted in retaliation cases is the retaliatory conduct's chilling effect

28  on the plaintiff's First Amendment rights.  See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir.

1  1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

2      A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus

3  between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).

4  McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of

5  Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or

6  circumstantial, to establish a link between the exercise of constitutional rights and the allegedly

7  retaliatory action.  Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation

8  may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's

9  Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

10     In this case, Plaintiff fails to allege facts sufficient to state a cognizable claim for relief

11  under Section 1983 with respect to his retaliation allegation.  Plaintiff should note further that

12  prisoners have no constitutional right to be incarcerated at a particular correctional facility.

13  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Based on the facts provided by Plaintiff, the

14  Court finds he states no cognizable claim for relief against Defendant Reynold for retaliation.

15      **B. Eighth Amendment**

16     Plaintiff next alleges that Defendants Reynold, Johnson, Campbell, Hindt and Eckard

17  knew of his complaints regarding the exposure to second hand smoke yet did not move him to

18  another dormitory.

19     To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

20  conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman,

21  452 U.S. 337, 347 (1981).  Where a prisoner alleges injuries stemming from unsafe conditions of

22  confinement, prison officials may be held liable only if they acted with "deliberate indifference to

23  a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

24  Exposure to levels of environmental tobacco smoke ("ETS") that pose an unreasonable risk of

25  serious damage to a prisoner's future health may state a cause of action under the Eighth

26  Amendment where prison officials acted with deliberate indifference.  Helling v. McKinney, 509

27  U.S. 25, 35 (1993).  The objective factor requires that the prisoner "show that he himself is being

28  exposed to unreasonably high levels of ETS" and that the "risk of which he complains is not one

1  that today's society chooses to tolerate." <u>Helling</u>, 509 U.S. at 35-6.  The subjective factor

2  requires that the prisoner demonstrate that prison officials acted with deliberate indifference in

3  exposing him to ETS.  <u>Id</u>.

4         Plaintiff alleges specifically that he informed Defendants Johnson, Campbell and Hindt of

5  his exposure to the smoke yet they did nothing to move him.  The Court finds Plaintiff

6  sufficiently states a cognizable claim for relief against Defendants Johnson, Campbell and Hindt.

7  However, he does not state a claim against Defendants Edkard and Reynold.

8         The Complaint merely alleges that Defendant Reynold moved him to a dormitory where

9  the occupants smoked.  Plaintiff does not allege that Defendant Reynold knew he was not a

10  smoker and that such exposure would bother him.  Although Plaintiff states that he requested that

11  Defendant Reynold move him, he does not sufficiently allege that Defendant Reynold knew of

12  and disregarded a substantial risk of harm.

13         Similarly, with respect to Defendant Eckard, Plaintiff only alleges that he asked him to

14  move him to a separate dormitory.  There are no facts in the Complaint that would give rise to a

15  claim that Defendant Eckard knew of and disregarded a substantial risk of harm by failing to

16  move Plaintiff.

17         Accordingly, the Court finds Plaintiff states a cognizable claim against Defendants

18  Johnson, Campbell and Hindt.  However, he does not state a claim against Defendants Eckard

19  and Reynold.

20  **C.  RECOMMENDATION**

21         In light of the above and Plaintiff's notification of his intention to abandon any claims not

22  cognizable, the Court RECOMMENDS that Plaintiff's allegations of retaliation against

23  Defendant Reynold, and his Eighth Amendment claim against Defendants Eckard and Reynold

24  be DISMISSED from the action.  The Court further RECOMMENDS that the action proceed in

25  Plaintiff's Eighth Amendment claim against Defendants Johnson, Campbell and Hindt.

26         The Court HEREBY ORDERS that these Findings and Recommendations be submitted

27  to the United States District Court Judge assigned to this action pursuant to the provisions of 28

28  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

1  District Court, Eastern District of California.  Within THIRTY (30) days after being served with

2  a copy of these Findings and Recommendations, any party may file written Objections with the

3  Court and serve a copy on all parties.  Such a document should be captioned "Objections to

4  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

5  and filed within TEN (10) court days (plus three days if served by mail) after service of the

6  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

7  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

8  may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

9  (9th Cir. 1991).

10  IT IS SO ORDERED.

11  **Dated:    July 15, 2005**                          **/s/ Lawrence J. O'Neill**

12  b9ed48                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28