UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY BREW, | | CV F 04-5445 REC LJO P |
| | Plaintiff, | |
| | | FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO DISMISS IN PART AND GRANT MOTION IN PART. (Doc. 18.) |
| v. | | |
| JOHNSON, et. al., | | |
| | Defendants. / | |

Jerry Brew ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on March 18, 2004, against Defendants Johnson, Campbell, Reynold, Eckard and Hindt. On June 7, 2005, this Court issued an Order dismissing the Complaint with leave to amend. On June 22, 2005, Plaintiff informed the Court that he would not be filing an Amended Complaint and instead, wished to proceed with the claims found cognizable by the Court. Thus, the Court issued Findings and Recommendations on July 15, 2005, dismissing those claims that were not cognizable and the relevant Defendants. The District Court adopted the findings on August 29, 2005, leaving only Plaintiff's Eighth Amendment claim against Defendants Johnson, Campbell and Hindt.

Defendants filed a Motion to Dismiss the action on December 9, 2005. Plaintiff did not oppose the Motion.

1

**A. SUMMARY OF COMPLAINT**

The Complaint alleges that Plaintiff was "punished" for an argument he had with a Correctional Officer by being reassigned to a dormitory where the occupants smoked all day, thereby exposing him to second hand smoke.  Plaintiff alleges that he informed Defendants Johnson, Campbell and Hindt of the exposure to the smoke and requested that he be moved but they did nothing.

**B. FAILURE TO STATE A CLAIM**

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims."  Id. at 512.  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (*quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Under the Prison Litigation Reform Act ("PLRA") the Court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.  Given the requirements of the PLRA, the Court is disinclined to view with favor a subsequent motion to dismiss for failure to state a claim.

*1. Retaliation*

Defendants argue that the case should be dismissed because the Complaint fails to plead a

cause of action based on retaliation.

According to the court docket, the Court conducted a preliminary screening of the case on June 7, 2005, and found that the Complaint did not allege sufficient facts against any of the Defendants to support a retaliation claim. (Court Doc. 9.) The Court subsequently issued Findings and Recommendations to that effect which were adopted by the District Court on August 29, 2005. (Doc. 15.) Thus, the only cause of action remaining in the case concerned the Eighth Amendment cruel and unusual punishment claim against Defendants Johnson, Campbell and Hindt. In light of these Orders, Plaintiff's Motion to Dismiss should be DENIED to the extent it seeks to dismiss claims already dismissed from the action.

### *2. Eighth Amendment*

Defendants also allege that Plaintiff has failed to plead a cause of action for an Eighth Amendment violation because he suffered no injury. (Motion at 5.)

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Exposure to levels of environmental tobacco smoke ("ETS") that pose an unreasonable risk of serious damage to a prisoner's future health may state a cause of action under the Eighth Amendment where prison officials acted with deliberate indifference. Helling v. McKinney, 509 U.S. 25, 35 (1993).

The issue in Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475 (1993), concerned whether or not an Eighth Amendment claim could be sustained for conditions which are highly likely to cause future damage to a prisoner's health. In answering that question in the affirmative, the Court observed "[w]e would think that a prison inmate . . . could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery." Id. Thus, contrary to Defendant's assertion, Plaintiff's allegations of exposure to secondhand smoke state an Eighth Amendment claim.

3

## C. EXHAUSTION

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In order to meet this burden, Defendants must show that further administrative remedies are available to Plaintiff. Brown v. Valoff, -- F.3d--, 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005). The Ninth Circuit has also found exhaustion when a prisoner has demonstrated that his grievance has been rejected as untimely and he could "go no further in the prison's administrative system; no

1  remedies remained available to him." Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005).

2         The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is
3  subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt,
4  315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,
5  368 (9th Cir. 1998) (*per curiam*)). In deciding a motion to dismiss for failure to exhaust
6  administrative remedies, the court may look beyond the pleadings and decide disputed issues of
7  fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust
8  administrative remedies, the proper remedy is dismissal without prejudice. Id. The Ninth
9  Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire
10  action when a Section 1983 complaint contains both exhausted and unexhausted claims. Lira v.
11  Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)

12         Here, Defendant alleges that Plaintiff failed to exhaust his administrative remedies with
13  respect to Defendant Hindt. In support of this contention, Defendants provide Exhibit A which
14  consists of a copy of an inmate appeal concerning the conduct of Defendants Johnson and
15  Campbell (Log. No. 03-1045). (Exh. A, pg. 2, Motion to Dismiss.) According to this Exhibit,
16  Plaintiff's appeal was examined and partially granted on July 24, 2003, however, the allegations
17  of staff misconduct were not sustained. Id. Plaintiff was still dissatisfied and sought further
18  relief.

19         At the Second level, Plaintiff's appeal was again partially granted but only to the extent
20  that Plaintiff's concerns were reviewed by Supervisory staff and reported to the administration.
21  Id. Plaintiff next filed a Director's level appeal which was denied on October 30, 2003. Id.

22         As noted above, Plaintiff did not file an Opposition to the Motion. Following a thorough
23  review of the evidence provided by Defendants and finds that nowhere in the inmate appeals
24  does Plaintiff mention Defendant Hindt. Although the California regulations do not require
25  identification of any specific persons,[1] the Court finds the allegations in the appeal are
26  insufficient to put the administration on notice that Defendant Hindt was a necessary party.

---

28      [1]California regulations provide only that "[t]he appellant shall use a CDC Form 602 (rev. 12-87), Inmate/Parolee Appeal Form, to describe the problem and action requested." See Cal.Code Regs. tit. 15, § 3084.2(a). The form does not require the identification of specific individuals.

1 Accordingly, Plaintiff did not exhaust his administrative remedies with respect to Defendant
2 Hindt.

### D. RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Motion to Dismiss the action be GRANTED IN PART to the extent that Plaintiff failed to exhaust his administrative remedies with regard to Defendant Hindt and DENIED IN PART with regard to the Motion to dismiss on the basis of failure to state a claim for relief.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 21, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                 UNITED STATES MAGISTRATE JUDGE