# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY BREW, | CV F04-5445 OWW NEW (DLB) P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL (Doc. 41.) |
| JOHNSON, et. al., | |
| Defendants. | |

Jerry Brew ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's original complaint against Defendants Johnson, Campbell, Reynold and Eckard.[1]

On July 27, 2006, this Court issued an Order opening discovery. On December 29, 2006, Plaintiff filed a Motion to Compel requests for interrogatories number 102 and requests for production of documents. Plaintiff states that he served these request on or around September 17, 2006. Plaintiff alleges that the discovery responses were "inadequate" and he references the documents as Exhibits A and B. However, none of the attachments were attached to the Motion filed with the Court. In addition, Plaintiff did not attach a proof of service that the Motion was served on the Defendants. As such, the Court denied the Motion to Compel.

On February 5, 2007, Plaintiff filed a Motion for Reconsideration of the Court's Order

---

[1] Defendant Hindt was dismissed from the action on May 12, 2006, for failure to exhaust administrative remedies.

1

1 denying the Motion to Compel.  Plaintiff states that he inadvertently omitted the attachments
2 from the original Motion to Compel and he now attaches them.  Plaintiff also states that the log
3 out mail sheet shows he sent the Motion to the Defendants.
4      Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick
5 Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th
6 Cir. 1983) (en banc).  The Local Rules provide that when filing a motion for reconsideration, a
7 party show that the "new or different facts or circumstances claimed to exist which did not exist
8 or were not shown upon such prior motion, or what other grounds exist for the motion."   Local
9 Rule 78-230(k)(3).
10      Plaintiff's Motion to Reconsider the Order denying the Motion to Dismiss is not based on
11 any new facts or law not in existence at the time the Motion to Compel was submitted.  In
12 addition, Plaintiff's justification that the mail log shows he sent the Motion to the Defendants
13 does not meet the requirements of the rules have attached a proof of service signed by the
14 mailing party and made under penalty of perjury.  <u>See</u>  Local Rule 5-135(b); Fed.R.Civ.P. 5.
15 Finally, according to the Court docket, the Plaintiff's discovery deadline does not expire until
16 March 22, 2007, thus, Plaintiff has sufficient time to re-file his Motion to Compel curing all
17 deficiencies outlined by the Court in its prior Order denying his Motion.  With respect to the
18 request for reconsideration, however, Plaintiff does not provide grounds on which to reconsider
19 and grant the prior Motion to Compel.
20      Accordingly, the Motion for Reconsideration is DENIED.

22      IT IS SO ORDERED.
23      **Dated:   February 21, 2007**                    /s/ **Dennis L. Beck**
   3b142a                                              UNITED STATES MAGISTRATE JUDGE