1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JERRY BREW,                              1:04-cv-05445-LJO-GSA-PC

12              Plaintiff,                    ORDER GRANTING IN PART PLAINTIFF'S
                                              MOTION TO COMPEL AND DENYING
13        vs.                                 PLAINTIFF'S MOTION FOR SANCTIONS
                                              (Doc. 44)
14
                                              ORDER DENYING DEFENDANTS' MOTION FOR
15   JOHNSON and CAMPBELL,                    SUMMARY JUDGMENT AS PREMATURE
                                              (Doc. 46)
16
                                              ORDER EXTENDING DEADLINES
17              Defendants.                      **New Discovery Cut-off Date . . . . . . . . . . . . 05-30-2008**
     _____           **New Dispositive Motion Deadline. . . . . . . . 06-30-2008**
18
                                              FORTY-FIVE DAY DEADLINE FOR DEFENDANT
19                                            JOHNSON TO PRODUCE DOCUMENTS IN
                                              RESPONSE TO REQUESTS 4 AND 5
20   _____/

21   **I.       RELEVANT PROCEDURAL HISTORY**

22        Plaintiff Jerry Brew ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

23   a civil rights action pursuant to 42 U.S.C. § 1983.   Now pending before the court is plaintiff's second

24   motion to compel.

25        On July 27, 2006, the court issued a discovery and scheduling order establishing a deadline of

26   March 22, 2007 for completion of discovery and May 23, 2007 for filing of dispositive motions. (Doc.

27   31.) On or about September 17, 2006, plaintiff served defendants Johnson and Campbell ("defendants")

28   with a first set of interrogatories, and he served defendant Johnson with a request for production of

                                              1

1   documents.  On October 30, 2006, defendants filed a motion for an extension of time to respond to

2   plaintiff's discovery requests. (Doc. 34.)  The court granted the extension of time on November 21,

3   2006. (Doc. 35.)  On November 27, 2006, defendants served timely responses on plaintiff.   On

4   December 29, 2006, plaintiff filed his first motion to compel. (Doc. 36.)  On January 8, 2007, the court

5   denied the motion on the grounds that plaintiff had not indicated whether he had attempted to resolve

6   his discovery dispute with the defendants, had not attached a proof of service to his motion, and had not

7   filed copies of his discovery requests with the court. (Doc. 38.)  On February 5, 2007, plaintiff filed a

8   motion for reconsideration of the motion to compel. (Doc. 41.)  The motion for reconsideration was

9   denied on February 22, 2007. (Doc. 43.)  Plaintiff filed his second motion to compel and a motion for

10  sanctions on March 26, 2007.  (Doc. 44.)  Defendants filed an opposition to the motions on April 10,

11  2007. (Doc. 45.)  On May 23, 2007, defendants filed a motion for summary judgment. (Doc. 46.)

12  **II.       DISCUSSION**

13          **A.       Motion to Compel Answers to Interrogatories**

14          Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery

15  may seek an order compelling disclosure when an opposing party has failed to respond or has provided

16  evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3).  The moving party bears the burden of

17  demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan,

18  296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).  Pursuant to Rule 33, an interrogatory may relate

19  to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2).  Under Rule 26(b),

20  "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain

21  discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including

22  the existence, description, nature, custody, condition, and location of any documents or other tangible

23  things and the identity and location of persons who know of any discoverable matter. For good cause,

24  the court may order discovery of any matter relevant to the subject matter involved in the action.

25  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated

26  to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1)

27          Plaintiff served his first set of interrogatories, numbered 1-25, on defendants on or about

28  September 17, 2006, and defendants each served written responses.  (Motion, Exhibit C.)  Plaintiff is

1    dissatisfied with defendants' responses and seeks to compel further responses to the first set of

2    interrogatories.  (Motion, 1:15-18, 21-25.)  Plaintiff has only addressed interrogatories 1-20 in the

3    motion to compel.  Therefore, the court shall address each of the first twenty interrogatories separately.

4           **Interrogatory 1.**      **What was the reason why CDCR stop selling tobacco?**

5         Plaintiff's first interrogatory asks defendants for the reason the CDCR stopped selling tobacco.

6    Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous, is not

7    relevant to this lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, calls

8    for speculation, and requests information not within defendant's personal knowledge, possession,

9    custody or control.  Without waiving objections, defendant Campbell stated he has no knowledge as to

10   why CDCR stopped selling tobacco.

11        Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous, is

12   not relevant to this lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence,

13   calls for speculation, and requests information not within defendant's personal knowledge, possession,

14   custody or control.  Without waiving objections, defendant Johnson answered that he has no knowledge

15   as to why CDCR stopped selling tobacco.

16        Plaintiff argues that defendants failed to answer this interrogatory.  He states that this

17   interrogatory is pertinent because he believes the CDC was sued.  Defendants respond that this request

18   calls for information outside the scope of their knowledge, possession, custody and control.  They state

19   that as correctional officers, they have no foundation for such knowledge.  Nevertheless, defendants state

20   that they made reasonable efforts to conduct a diligent inquiry to obtain this information, without

21   success.  Defendants also argue that prior lawsuits involving CDCR and tobacco-related issues have no

22   bearing on plaintiff's present claims regarding punitive bed moves and secondhand smoke inhalation,

23   and this request is not likely to lead to the discovery of admissible evidence.

24        The court finds that defendants have adequately answered this interrogatory.  It is reasonable that

25   correctional officers would not know why prison officials or government decision-makers decided the

26   CDC should stop selling tobacco.  Plaintiff seeks to compel defendants to answer that the CDC stopped

27   selling tobacco because the CDC was sued.  Plaintiff's motion to compel will not be granted merely

28   ///

1  because defendants did not give the answer plaintiff anticipated.   Therefore, the court shall deny

2  plaintiff's motion to compel further responses to Interrogatory 1.

3

4            **Interrogatory 2.**      **During the 70's to the late 80's CDC was giving inmates tobacco, why did CDC stop giving inmates tobacco?**

5         Plaintiff's second interrogatory asks defendants why the CDCR stopped giving inmates tobacco,

6  after doing so during the 1970's to late 1980's.

7         Defendant Campbell objected to this interrogatory on the grounds that is not relevant to this

8  lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, calls for

9  speculation, and requests information not within defendant's personal knowledge, possession, custody

10  or control.  Without waiving objections, defendant Campbell answered that he has no direct knowledge

11  or information responsive to this interrogatory.

12         Defendant Johnson objected to this interrogatory on the grounds that is not relevant to this

13  lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, calls for

14  speculation, and requests information not within defendant's personal knowledge, possession, custody

15  or control.  Without waiving objections, defendant Johnson answered that he was not employed with

16  CDCR during this time period and has no knowledge of this issue.

17         Plaintiff states that defendants failed to answer Interrogatory 2.  He argues that this interrogatory

18  is pertinent because he believes the CDC was sued because the boxes in which the tobacco was

19  contained had no warning labels, so all who inhaled the tobacco fumes were exposed to cancer,

20  unknowingly.  Defendants respond that this request calls for information outside the scope of their

21  knowledge, possession, custody and control.  They state that as correctional officers, they  have no

22  foundation for such knowledge and have no information as to the justification for the policy change.

23  Nevertheless, defendants state that they made reasonable efforts to conduct a diligent inquiry to obtain

24  this information, without success.  Defendants also argue that prior lawsuits involving CDCR and

25  tobacco-related issues have no bearing on plaintiff's present claims regarding punitive bed moves and

26  secondhand smoke inhalation, and this request is not likely to lead to the discovery of admissible

27  evidence.

28  ///

1    The court finds that defendants have adequately answered this interrogatory. They have

2    answered that they do not have any personal knowledge about the reasons for the CDC's decision to stop

3    giving inmates tobacco, and that such information is outside the scope of their possession, custody and

4    control. It is reasonable that correctional officers would not know why prison officials or government

5    decision-makers decided the CDC should stop giving tobacco to inmates. Plaintiff seeks to compel

6    defendants to answer that the CDC stopped giving tobacco to inmates because the CDC was sued

7    "because the boxes in which the tobacco was contained had no warning labels, so all who inhaled the

8    tobacco fumes were exposed to cancer, unknowingly." (Motion at 8:19-21.) Plaintiff's motion to

9    compel will not be granted merely because defendants did not give the answer plaintiff anticipated.

10    Therefore, the court shall deny plaintiff's motion to compel further responses to Interrogatory 2.


11
                    **Interrogatory 3.**        **Why CDCR stop allowing inmates to smoke inside their**
12                                               **buildings?**

13    Plaintiff's third interrogatory asks defendants why the CDCR stopped allowing inmates to smoke

14    inside their buildings.

15    Defendant Campbell objected to this interrogatory on the grounds that is not relevant to this

16    lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, calls for

17    speculation, and requests information not within defendant's personal knowledge, possession, custody

18    or control. Without waiving objections, defendant Campbell answered that as he understands it, it was

19    part of the policy change that led to today's smoke free environment.

20    Defendant Johnson objected to this interrogatory on the grounds that is not relevant to this

21    lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, calls for

22    speculation, and requests information not within defendant's personal knowledge, possession, custody

23    or control. Without waiving objections, defendant Johnson answered that inmates were not allowed to

24    smoke in the building when he started working for CDCR, and he does not have personal knowledge

25    as to why inmates are no longer permitted to smoke within their buildings.

26    Plaintiff states that defendants failed to answer Interrogatory 3. Plaintiff states that this

27    interrogatory is pertinent because he believes the CDC was sued as a result of inmates being exposed

28    to secondhand smoke, which resulted in a non-smoking policy. Defendants respond that this request

1 calls for information outside the scope of their knowledge, possession, custody and control.  They state

2 that as correctional officers, they have no foundation for such knowledge and have no information as

3 to the justification for the policy change.  Nevertheless, defendants made reasonable efforts to conduct

4 a diligent inquiry to obtain this information, without success.  Defendants also argue that prior lawsuits

5 involving CDCR and tobacco-related issues have no bearing on plaintiff's present claims regarding

6 punitive bed moves and secondhand smoke inhalation, and this request is not likely to lead to the

7 discovery of admissible evidence.

8       The court finds that defendants have adequately answered this interrogatory.  Defendant

9 Campbell answered that as he understands it, it was part of the policy change that led to today's smoke

10 free environment. Defendant Johnson answered that inmates were not allowed to smoke in the building

11 when he started working for CDCR, and he does not have personal knowledge as to why inmates are no

12 longer permitted to smoke within their buildings. Plaintiff  seeks to compel defendants to answer that

13 the CDC was sued as a result of inmates being exposed to secondhand smoke, which resulted in a non-

14 smoking policy.  Plaintiff's motion will not be granted merely because defendants did not give the

15 answer plaintiff anticipated.  Therefore, the court shall deny plaintiff's motion to compel further

16 responses to Interrogatory 3.

17

18           **Interrogatory 4.**        **Within the last twenty years how many inmates have been inflicted from tobacco smoke such as emphysema etc...?**

19       Interrogatory 4 requests statistics about the number of inmates who have been adversely affected

20 by tobacco smoke in the last twenty years.

21       Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous,

22 overbroad, calls for speculation, is not relevant to this lawsuit, is not reasonably calculated to lead to the

23 discovery of admissible evidence, requests information not within defendant's personal knowledge,

24 possession, custody or control, and the burden, expense and intrusiveness of the discovery clearly

25 outweigh the likelihood that the information sought will lead to the discovery of admissible evidence.

26 Without waiving objections, defendant Campbell answered that he has no knowledge or information

27 responsive to this interrogatory.

28 ///

1    Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous,

2   overbroad, calls for speculation, is not relevant to this lawsuit, is not reasonably calculated to lead to the

3   discovery of admissible evidence, requests information not within defendant's personal knowledge,

4   possession, custody or control, and the burden, expense and intrusiveness of the discovery clearly

5   outweigh the likelihood that the information sought will lead to the discovery of admissible evidence.

6   Without waiving objections, defendant Johnson answered that he has no knowledge or information

7   responsive to this interrogatory.

8    Plaintiff states that defendants failed to answer Interrogatory 4.  He argues that this interrogatory

9   is pertinent because it would show the serious hazard of secondhand smoke and smoking in general.

10   Defendants respond that this request calls for information outside the scope of their knowledge,

11   possession, custody, or control.  They claim that as correctional officers, they have no foundation for

12   such knowledge.  Defendants also respond that they made reasonable efforts to conduct a diligent inquiry

13   to obtain this information, and they have provided all information available to them.  Further, defendants

14   claim that the CDCR does not maintain statistical information on this issue, and it would be overly

15   burdensome to require them to produce such information.

16    The court finds that plaintiff has not demonstrated actual and substantial prejudice from denial

17   of this information.  Plaintiff argues the information is relevant to show the hazard of secondhand smoke

18   and smoking in general. Evidence that smoking is generally hazardous to health will not show that

19   plaintiff himself was exposed to unreasonable levels of secondhand smoke during the time of the events

20   at issue, and such a fact will not reasonably lead to the discovery of relevant evidence.  Further,

21   defendants provide evidence that CDCR does not maintain statistical information on this issue and,

22   therefore, it would be unduly burdensome on defendants to gather these statistics.  Therefore, the court

23   shall deny plaintiff's motion to compel further responses to Interrogatory 4.

24   **Interrogatory 5.**    **Within the last twenty years how many inmates have**
    **contracted cancer from tobacco inhalation and died in**
25    **CDCR?**

26    Interrogatory 5 requests statistics about the number of inmates who have contracted cancer from

27   tobacco inhalation and died in CDCR during the last twenty years.

28   ///

7

1    Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous,

2    not relevant to this lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence,

3    calls for speculation, requests information not within defendant's personal knowledge, possession,

4    custody or control, and the burden, expense and intrusiveness of the discovery clearly outweigh the

5    likelihood that the information sought will lead to the discovery of admissible evidence.  Without

6    waiving objections, defendant Campbell answered that he has no knowledge or information responsive

7    to this interrogatory.

8    Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous, not

9    relevant to this lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence,

10   requests information not within defendant's personal knowledge, possession, custody or control, and the

11   burden, expense and intrusiveness of the discovery clearly outweigh the likelihood that the information

12   sought will lead to the discovery of admissible evidence.  Without waiving objections, defendant

13   Johnson answered that he has no knowledge or information responsive to this interrogatory.

14   Plaintiff states that defendants failed to answer Interrogatory 5.  He argues that this interrogatory

15   is pertinent because it would show the CDC was responsible for these inmates contracting cancer from

16   tobacco inhalation.  Defendants respond that this request calls for information outside the scope of their

17   knowledge, possession, custody, or control. They claim that as correctional officers, they have no

18   foundation for such knowledge.  Defendants also respond that they made reasonable efforts to conduct

19   a diligent inquiry to obtain this information, and they have provided all information available to them.

20   Further, defendants claim that CDCR does not maintain statistical information on this issue, and it would

21   be overly burdensome to require them to produce such information.

22   The court finds that defendants have adequately responded to this interrogatory.  As correctional

23   officers, defendants would not be expected have access to the statistics plaintiff requests.  Considering

24   defendants' statements that CDCR does not maintain statistical information on this issue, and they have

25   made a diligent search for the information without success, the court finds it would be unduly

26   burdensome to require defendants to gather these statistics from voluminous inmate records.  Therefore,

27   the court shall deny plaintiff's motion to compel further responses to Interrogatory 5.

28   ///

8

1        **Interrogatory 6.**        **Plaintiff did not address Interrogatory 6 in his motion to compel.**

2

3        **Interrogatory 7.**        **Since smoking was banned, how many Correctional Officers and CDCR personnel have been terminated for smuggling tobacco in CDCR and how many were reprimanded?**

4

5        Interrogatory 7 asks defendants how many correctional officers and CDCR personnel have been

6   reprimanded, and how many have been terminated, by the CDCR for smuggling tobacco since smoking

7   was banned.

8        Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous,

9   overbroad, is not relevant to this lawsuit, is not reasonably calculated to lead to the discovery of

10   admissible evidence, requests confidential information, which, if released, may jeopardize the security

11   of the prison or the safety of inmates or staff.  He further objected on the grounds that information

12   regarding personnel records of correctional staff is confidential pursuant to Title 15, California Code of

13   Regulations, Section 3321.  Without waiving objections, defendant Campbell answered that he has no

14   knowledge or information responsive to this interrogatory.

15        Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous,

16   overbroad, is not relevant to this lawsuit, is not reasonably calculated to lead to the discovery of

17   admissible evidence, requests confidential information, which, if released, may jeopardize the security

18   of the prison or the safety of inmates or staff.  He further objected on the grounds that information

19   regarding personnel records of correctional staff is confidential pursuant to Title 15, California Code of

20   Regulations, Section 3321.  Without waiving objections, defendant Johnson answered that he has no

21   knowledge or information responsive to this interrogatory.

22        Plaintiff states that defendants failed to answer Interrogatory 7.  He argues that this interrogatory

23   is pertinent because it will show the seriousness, addiction, and the market for tobacco in prison.

24   Plaintiff also states that there is an exception to 15 CCR § 3321 and cites § 3370(b) which states,

25   "[E]xcept by means of a valid authorization, subpoena, or court order, no inmate shall have access to

26   another's case records file, unit health records, or component thereof."  15 CCR § 3370(b).  Defendants

27   respond that this request seeks information beyond the scope of their knowledge, possession, custody

28   and control.  Defendants state that as correctional officers, they do not have the legal right to obtain

1  information regarding termination or reprimands of other employees and therefore, they do not have an

2  obligation to produce such documents.

3       The court finds that defendants have adequately responded to Interrogatory 7.  Defendants

4  objections are sustained.  On the basis of public policy favoring employees' privacy, the court may limit

5  discovery of personnel files without a showing of compelling need and clear relevance of the

6  information.  Plaintiff has not demonstrated actual and substantial prejudice from denial of this

7  discovery.  Plaintiff claims this information is relevant to show the seriousness, addiction and market

8  for tobacco in prison.  Such evidence is not relevant to any of the parties' claims or defenses in this

9  action, nor does it appear reasonably calculated to lead to admissible evidence in this action. Therefore,

10  the court shall deny plaintiff's motion to compel further responses to Interrogatory 7.

11

12  **Interrogatory 8.**       **How many complaints, 602s, lawsuits have been filed as a result of subjection of secondhand smoke inhalation?**

13       Interrogatory 8 asks defendants how many complaints, 602s and lawsuits have been filed as a

14  result of exposure to secondhand smoke inhalation.

15       Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous,

16  overbroad, is not relevant to this lawsuit, is not reasonably calculated to lead to the discovery of

17  admissible evidence, the burden, expense and intrusiveness of the discovery clearly outweigh the

18  likelihood that the information sought will lead to the discovery of admissible evidence, and information

19  contained in the case records of inmates may not be accessed by other inmates or parolees pursuant to

20  Title 15, California Code of Regulations, Section 3321.  Without waiving objections, defendant

21  Campbell answered that he has no knowledge or information responsive to this interrogatory.

22       Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous,

23  overbroad, is not relevant to this lawsuit, is not reasonably calculated to lead to the discovery of

24  admissible evidence, the burden, expense and intrusiveness of the discovery clearly outweigh the

25  likelihood that the information sought will lead to the discovery of admissible evidence, and information

26  contained in the case records of inmates may not be accessed by other inmates or parolees pursuant to

27  Title 15, California Code of Regulations, Section 3321.  Without waiving objections, defendant Johnson

28  answered that he has no knowledge or information responsive to this interrogatory.

1   Plaintiff claims that defendants failed to answer Interrogatory 8.  Plaintiff argues that this

2   interrogatory is pertinent because it will show the severity of this ongoing problem and will also show

3   the neglect, disregard, and deliberate indifference that Avenal staff shows toward prisoners.  Plaintiff

4   further argues that the count of how many complaints and lawsuits is not confidential in nature, citing

5   Title 15 § 3321(a)(1), (2), (3), and (4).  Defendants respond that this interrogatory calls for information

6   outside of their knowledge, possession, custody or control.  They state that as correctional officers, they

7   have no foundation for such knowledge.  Defendants also respond that they made a diligent inquiry to

8   obtain this information, without success.  Further, they state that the CDCR does not maintain statistical

9   information on this issue, and it would be overly burdensome to require defendants to count each

10  complaint to provide these statistics, assuming they could even ascertain whether a 602 or lawsuit was

11  filed because of being subjected to secondhand smoke.

12   The court finds that defendants have adequately responded to Interrogatory 8.  Plaintiff claims

13  this information is relevant to show the severity of the problem of secondhand smoke.  Although

14  evidence that secondhand smoke in prison is hazardous is relevant to plaintiff's claim that he was placed

15  in danger, it would be overly burdensome for defendants to search all prison records and court records

16  to gather these statistics, considering that the CDCR does not maintain statistical information on this

17  issue.  Therefore, the court shall deny plaintiff's motion to compel further responses to Interrogatory 8.

18

19   **Interrogatory 9.**     **When an inmate complains about other inmates smoking in the buildings, is this considered as informing and if the inmates who are smoking finds out would the complainant or complainants life be in danger?**

20

21   Interrogatory 9 asks defendants whether an inmate would be considered an informant, and

22  whether the inmate's life would be in danger, if he complained about other inmates smoking in the

23  building and they found out.

24   Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous,

25  compound, calls for speculation, and is not likely to lead to the discovery of admissible evidence.

26  Without waiving objections, defendant Campbell answered that given his position as a correctional

27  officer, and not an inmate, he has no knowledge responsive to this request.

28  ///

11

1  Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous,
2  compound, calls for speculation, and is not likely to lead to the discovery of admissible evidence.
3  Without waiving objections, defendant Johnson answered that given his position as a correctional
4  officer, and not an inmate, he has no knowledge responsive to this request.

5  Plaintiff claims that defendants failed to answer Interrogatory 9.  He argues that this interrogatory
6  is pertinent and needs to be answered because it would reveal how inmates harass, assault, and even kill
7  inmates who disclose certain information.  Defendants respond that this request calls for information
8  outside the scope of their knowledge, possession, custody or control, and that any information would
9  be based on opinion.

10  The court finds that defendants have adequately responded to Interrogatory 9.  Plaintiff claims
11  this information is relevant to reveal how inmates harass, assault, and even kill inmates who disclose
12  certain information.  Such information is not relevant to any of the parties' claims or defenses in this
13  action, nor is it reasonably calculated to lead to admissible evidence in this action.  Therefore, the court
14  shall deny plaintiff's motion to compel further responses to Interrogatory 9.

15

16  **Interrogatory 10.** **What are the disciplinary measures for an inmate whose caught smoking and/or caught with smoking paraphernalia?**

17  Interrogatory 10 asks defendants to describe the disciplinary measures for an inmate who is
18  caught smoking and/or caught with smoking paraphernalia.

19  Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous
20  and duplicative.  Without waiving objections, defendant Campbell answered that if an inmate is caught
21  smoking or has paraphernalia in his possession, the inmate is verbally counseled, and either a CDC 128
22  or CDC 115 is written.

23  Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous and
24  duplicative.  Without waiving objections, defendant Johnson answered that if an inmate is caught
25  smoking or has paraphernalia in his possession, the inmate is verbally counseled, and either a CDC 128
26  or CDC 115 is written.

27  Plaintiff claims that defendants failed to adequately answer this interrogatory.  Plaintiff argues
28  that this interrogatory is pertinent because it will reveal that most staff don't enforce the disciplinary

1  policy to inmates who are caught smoking or caught with smoking paraphernalia.  Defendants respond

2  that they have fully answered plaintiff's interrogatory and plaintiff has failed to demonstrate any facts

3  or evidence to substantiate the inadequacy of the responses.

4        The court finds that defendants have adequately answered this interrogatory.  Plaintiff seeks to

5  compel defendants to answer that most staff do not enforce the disciplinary policy when inmates are

6  caught smoking or with smoking paraphernalia.  Plaintiff's motion to compel will not be granted merely

7  because defendants did not give the answer plaintiff anticipated.  Therefore, the court shall deny

8  plaintiff's motion to compel further responses to Interrogatory 10.

9          **Interrogatory 11.**     **Plaintiff states that he is satisfied with defendants' answer to
Interrogatory 11.**

10

11          **Interrogatory 12.**     **Avenal State Prison does allow convenient bed moves, is this
correct?**

12        Interrogatory 12 asks whether it is correct that Avenal State Prison allows convenient bed moves.

13        Defendant Campbell objected to this interrogatory on the grounds that it is vague and ambiguous.

14  Without waiving objections, defendant Campbell answered that to the extent that plaintiff means a bed

15  move at an inmate's request, there are occasions when bed moves are made.  He further answered that

16  bed moves are made per Avenal State Prison Operational Procedure #82, which he attached to his

17  responses as Exhibit 1.

18        Defendant Johnson objected to this interrogatory on the grounds that it is vague and ambiguous.

19  Without waiving objections, defendant Johnson answered that to the extent that plaintiff means a bed

20  move at an inmate's request, there are occasions when bed moves are made.  He further answered that

21  bed moves are made per Avenal State Prison Operational Procedure #82, which he attached to his

22  responses as Exhibit 1.

23        Plaintiff claims that defendants were evasive in their answer to this interrogatory.  He states that

24  at Avenal if an inmate requests a bed move, if staff doesn't have a problem with the inmate, meaning

25  dislike him or at odds with him, he will be afforded that request for a bed move.  Defendants respond

26  that they have fully answered plaintiff's interrogatory and plaintiff has failed to demonstrate any facts

27  or evidence to substantiate the inadequacy of the responses.

28  ///

Assuming defendants have correctly identified the meaning of a "convenient bed move," the court finds defendants' responses to this interrogatory to be adequate. Plaintiff has asked a yes-or-no question, and defendants have provided more information than requested. Therefore, the court shall deny plaintiff's motion to compel further responses to Interrogatory 12.

**Interrogatory 13.** **Plaintiff stated that he is satisfied with defendants' answer of Interrogatory 13.**

**Interrogatory 14.** **Plaintiff did not address Interrogatory 14 in his motion to compel.**

**Interrogatory 15.** **How many inmates were given CDC 115s for violating the no smoking ban since its initial at Avenal State Prison?**

Interrogatory 15 asks how many inmates have been given CDC 115s for violating the no smoking ban since it was instituted at Avenal State Prison.

Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous, overbroad, calls for speculation, requests information not within defendant's personal knowledge, possession, custody or control, and information contained in the case records of inmates may not be accessed by other inmates or parolees pursuant to Title 15, California Code of Regulations, Section 3370. Without waiving objections, defendant Campbell answered that he has no knowledge or information responsive to this interrogatory.

Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous, overbroad, is not relevant to this lawsuit, is not reasonably calculated to lead to the discovery of admissible evidence, requests information not within defendant's personal knowledge, possession, custody or control, and information contained in the case records of inmates may not be accessed by other inmates or parolees pursuant to Title 15, California Code of Regulations, Section 3370. Without waiving objections, defendant Johnson answered that he has no knowledge or information responsive to this interrogatory.

Plaintiff responds that this is not a confidential question and cites 15 CCR § 3321, Confidential Material 3321(a)(2), (3), and (4). He also cites § 3370(b) Case Records File and Unit Health Records Material - Access and Release. Defendants respond that this request calls for information outside the scope of their knowledge, possession, custody or control. They state that as correctional officers, they

14

1   have no foundation for such knowledge, and they made reasonable efforts to conduct a diligent inquiry

2   to obtain this information.  Further, defendants state that CDCR does not maintain statistical information

3   on this issue, and it would be nearly impossible for defendants to review every inmate 115 form to

4   determine the basis for the violation, because the records are so voluminous.

5        The court finds that defendants have adequately responded to Interrogatory 15.  Plaintiff did not

6   respond to defendants' objections except to state that this is not a confidential question.  Defendants state

7   that they made reasonable efforts to conduct a diligent inquiry to obtain this information, and the CDCR

8   does not maintain statistical information on this issue.  The court finds it would be overly burdensome

9   to require defendants to examine every inmate 115 form to gather the statistics that plaintiff requests.

10  Therefore, the court shall deny plaintiff's motion to compel further responses to Interrogatory 15.

11

12   **Interrogatory 16.      Why wasn't plaintiff moved when he first began complaining about the secondhand smoke?**

13        Interrogatory 16 asks defendants why plaintiff wasn't moved when he first began complaining

14  about the secondhand smoke.

15        Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous,

16  calls for speculation, calls for opinion, and is not applicable to him.  Without waiving objections,

17  defendant Campbell answered that he has "no direct knowledge because it was done on a different

18  watch, on his regular days off."  (Motion, Exhibit B at 7:7-8.)

19        Defendant Johnson objected to this interrogatory on  the grounds that it is vague, ambiguous,

20  calls for speculation, and calls for opinion.  Without waiving objections, defendant Johnson answered

21  that when he was informed of plaintiff's request to be moved, he explained the process for a bed move.

22  Defendant stated that he informed plaintiff that he needed to speak with the Housing Unit Officer and

23  that it was the Housing Unit Officer's responsibility to determine and evaluate the various circumstances

24  that impact an inmate's bed move.  Defendant Johnson stated that he does not sign off on any inmate

25  moves unless the Housing Unit Officer approves.

26        Plaintiff claims that defendants appear to be evasive in regards to this interrogatory.  He states

27  that superior staff was sought when he could not get cooperation from the building officers.  Defendants

28  ///

15

1  respond that they have fully answered plaintiff's interrogatory and plaintiff has failed to demonstrate any

2  facts or evidence to substantiate the inadequacy of the responses.

3        The court finds that defendants have fully answered this interrogatory.  Therefore, the court shall

4  deny plaintiff's motion to compel further responses to Interrogatory 16.

5        **Interrogatory 17.**       **Plaintiff did not address Interrogatory 17 in his motion to compel.**

6

7        **Interrogatory 18.**       **Are you aware that in some dorm cubicles the inmates have established that there's no smoking in certain cubicles?**

8        Interrogatory 18 asks defendants whether they are aware that in some dorm cubicles the inmates

9  have established no smoking rules in certain dorm cubicles.

10       Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous,

11  and not likely to lead to the discovery of admissible evidence.  Without waiving objections, defendant

12  Campbell answered no, that to his knowledge, all dorms in the Housing Unit are no smoking per

13  Departmental Policy.

14       Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous, and

15  not likely to lead to the discovery of admissible evidence.  Without waiving objections, defendant

16  Johnson answered no, that to his knowledge, all dorms in the Housing Unit are no smoking per

17  Departmental Policy.

18       Plaintiff states that defendants appear to be evasive to this interrogatory.  He states that staff are

19  very aware that inmates have their own rules and codes than govern the inmates' population, whether

20  lawful or not.  Defendants respond that this request calls for information outside the scope of their

21  knowledge, possession, custody or control.  Defendants admit that, as plaintiff stated, inmates have their

22  own rules and codes.

23       Plaintiff has asked a yes-or-no question, and defendants have answered no.   Plaintiff did not

24  state the question in a way that defendants would be expected to make further discussion, particularly

25  if defendants were not aware of these particular rules.  Therefore, the court shall deny plaintiff's motion

26  to compel further responses to Interrogatory 18.

27  ///

28  ///

16

1         **Interrogatory 19.**     **All things considered, if you didn't deem plaintiff request to be moved an emergency, why didn't you afford him a convenient bed move?  Especially considering the health issue!**

4       Interrogatory 19 asks defendants why, if they did not deem plaintiff's request to be moved an

5 emergency, they didn't afford him a convenient bed move, especially considering the health issue.

6       Defendant Campbell objected to this interrogatory on the grounds that it is vague, ambiguous,

7 unintelligible, and not phrased as a proper interrogatory.  Without waiving objections, defendant

8 Campbell answered that to the extent plaintiff refers to a bed move made at an inmate's request, except

9 for medical and administrative moves, the housing unit staff have the responsibility and discretion to

10 make the determination of who should be moved and when, given that they are in the best position to

11 evaluate the various dynamics and circumstances involved in a move.

12       Defendant Johnson objected to this interrogatory on the grounds that it is vague, ambiguous,

13 unintelligible, and not phrased as a proper interrogatory.  Without waiving objections, defendant Johnson

14 answered that to the extent plaintiff refers to a bed move made at an inmate's request, except for medical

15 and administrative moves, the housing unit staff have the responsibility and discretion to make the

16 determination of who should be moved and when, given that they are in the best position to evaluate the

17 various dynamics and circumstances involved in a move.

18       Plaintiff states that defendants appear to be evasive in regard to this interrogatory.  He states that

19 the reason he sought help from Sgt. Johnson and Campbell was because he could not get any

20 consideration or assistance from the building officers.  Plaintiff states that when this occurs, it is the

21 responsibility of the higher up to intervene and ultimately settle the problem, so the protocol was

22 respected and carried out.  Plaintiff states that he sought appropriate measures to resolve the problem.

23 Defendants respond that they have fully answered this interrogatory and plaintiff has failed to

24 demonstrate any facts or evidence to substantiate the evasiveness of the responses.

25       The court finds that defendants adequately responded to this interrogatory, explaining that higher

26 level staff were responsible to make decisions about the type of bed move plaintiff requested.  This

27 interrogatory appears duplicative of interrogatory 16, to which defendants made essentially the same

28 ///

1  response.  Therefore, the court shall deny plaintiff's motion to compel further responses to Interrogatory

2  19.

3          **Interrogatory 20.**          **When C/O Reynold called and informed you to his wanting**
                                           **to move plaintiff, did you deem this as an emergency, prison**
4                                          **need, or punitive bed move?**

5          Interrogatory 20 asks defendants whether they considered it an emergency, prison need, or

6  punitive bed move when C/O Reynold called and informed them he wanted to move plaintiff.

7          Defendant Campbell objected to this interrogatory on the grounds that it is vague and ambiguous.

8  Without waiving objections, defendant Campbell answered that he has no knowledge or information

9  responsive to this interrogatory.

10         Defendant Johnson objected to this interrogatory on the grounds that it is vague and ambiguous.

11  Without waiving objections, defendant Johnson answered that the moves are the responsibility of the

12  Housing Unit staff who determined that this bed move was a safety issue.

13         Plaintiff states that defendant Johnson appears to be evasive in his response to this interrogatory.

14  Plaintiff states that Johnson is the overseer of all bed moves and can approve or disapprove of them.

15  Plaintiff states that this interrogatory is pertinent and should be appropriately responded to, and the bed

16  move was clearly a punitive move.  Defendant Johnson responded that he has fully answered the

17  interrogatory.

18         The court finds that defendant Johnson has adequately responded to this interrogatory.  He stated

19  that bed moves are the responsibility of the Housing Unit staff who determined that this bed move was

20  a safety issue.  He further responded that higher level staff were responsible for the bed move.

21  Therefore, the court shall deny plaintiff's motion to compel further responses to Interrogatory 20.

22         Based on the foregoing, the court shall, by this order, deny plaintiff's motion to compel further

23  responses to the first set of interrogatories.

24         **B.      Motion to Compel Production of Documents**

25         Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any

26  other party a request to produce and permit the party making the request . . . to inspect and copy any

27  designated documents . . . which are in the possession, custody or control of the party upon whom

28  the request is served."  Fed. R. Civ. P. 34(a)(1).  Rule 37(a)(2)(B) empowers a propounding party to

bring a motion to compel discovery responses " if a party, in response to a request for inspection

submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to

permit inspection as requested, the discovering party may move for ⋯ an order compelling inspection

in accordance with the request."  Fed. R. Civ. Pro. 37(a)(2)(B).  It is well established that a failure to

object to discovery requests within the time required constitutes a waiver of any objection."

Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v.

Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The failure to respond to document requests "may not

be excused on the ground that the discovery sought is objectionable unless the party failing to act has

a pending motion for protective order." Fed. R. Civ. Pro. 37(d).   An evasive or incomplete

disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R.

Civ. Pro. 37(a)(3).

     In his motion, plaintiff's seeks to compel further responses to his request for the production

of documents by defendant Johnson.  Plaintiff states that he submitted the request to defendant on or

about September 17, 2006.  Defendant served the responses at issue on or about November 27, 2006.

(Motion, Exhibit C.)  Plaintiff's request for the production of documents contained seven separate

requests.  The court will address each request separately.

> **Request 1.**     **Investigators from Sacramento interviewed Plaintiff regarding this matter on or around about the third quarter of 2003.  This interview was a tape recording.  Plaintiff would like its transcription.**

     Plaintiff is seeking the production of a transcript of a tape recording of a particular interview

of plaintiff by investigators from Sacramento.  Defendant objected on the grounds that the request is

vague and ambiguous as to time and subject matter.  Defendant also stated that generally the only

interviews conducted relate to excessive force so that any injuries can be preserved for the record.

     Plaintiff argues that this evidence is pertinent, and it is prejudicial to deny him the transcript

because without it he cannot adequately prepare for trial.  Plaintiff points out that defendants have

this evidence but he does not.  Defendant responds that without specific information, such as the date

of the interview and who conducted it, he cannot determine if an interview was conducted.

Nevertheless, defendant states that he attempted to determine if any such interview was ever

19

1   conducted, but found nothing to indicate it was.  Defendant states that the common practice is to

2   only conduct video interviews in excessive force matters so that any injuries can be preserved for the

3   record.  Lastly, defendant states that even if such an interview was conducted, it is not CDCR's

4   practice to transcribe video interviews and therefore, no such document exists.

5           Plaintiff may not require defendant to create evidence that does not currently exist.  Plaintiff

6   has requested a transcript of a recorded interview.  Defendant states that such a transcript does not

7   exist because CDCR does not transcribe video interviews.  To comply with plaintiff's request,

8   defendant would be required to create a written transcript of the audio portion of a recording.  Even

9   if plaintiff provided sufficient information to identify the interview, the court would not require

10  defendant to create a transcript.  Therefore, the court shall deny plaintiff's motion to compel

11  production of a transcript as described in Request 1.

12                  **Request 2.**       **Shortly thereafter the first interview Plaintiff was interviewed**
                                 **again, but in regards to a matter involving inmate Porter #C-**
13                                **70352.  Yet, during this interview their was questioning that**
                                 **pertained to my complaint.  Therefore, Plaintiff would like a copy**
14                                **of this transcription.**

15          Plaintiff is seeking the production of a transcript of a tape recordings of a particular interview

16  of plaintiff which was conducted in relation to a matter involving another inmate named Porter.

17  Defendant objected on the grounds that the request is vague, ambiguous, is not likely to lead to the

18  discovery of admissible evidence, and information contained in the case records of inmates may not

19  be accessed by other inmates or parolees pursuant to Title 15, California Code of Regulations, §

20  3370.  Defendant stated that CDCR does not produce or provide transcripts to inmates.  Defendant

21  also stated that the interview regarding inmate Porter does not have any bearing on the present

22  matter.

23          Plaintiff  states that the information requested in not confidential in nature.  Defendant

24  responds that without more specific information, such as the date of the interview and who

25  conducted it, he cannot determine if an interview was conducted.  Nevertheless, defendant states that

26  he attempted to determine if any such interview was ever conducted, but found nothing to indicate it

27  was.  Defendant states that the common practice is to only conduct video interviews in excessive

28  force matters so that any injuries can be preserved for the record.  Lastly, defendant maintains that an

20

1  interview regarding another inmate would have no relevance to plaintiff's claims regarding

2  secondhand smoke inhalation and punitive bed mores.  He also states that inmate confidentiality

3  provisions would be violated by disclosing information regarding other inmate matters and records,

4  under Title 15 California Code of Regulations § 3370.

5       Plaintiff may not require defendant to create evidence that does not currently exist.  Plaintiff

6  has requested a transcript of a recorded interview.  To comply with plaintiff's request, defendant

7  would be required to create a written transcript of the audio portion of a recording.   Defendant states

8  he was unable to determine if the interview plaintiff describes was ever conducted.  Even if

9  defendant located a recording of the interview plaintiff describes, the court would not require

10  defendant to create a transcript.  Therefore, the court shall deny plaintiff's motion to compel

11  production of a transcript as described in Request 2.

12       **Request 3.**      **Once again around about the fourth quarter of 2003 Plaintiff was**
              **interviewed by another investigator from Sacramento.  Plaintiff**
13              **would like a copy of its transcription.**

14       Plaintiff is seeking the production of a transcript of a recording of a particular interview of

15  plaintiff conducted by an investigator from Sacramento around the fourth quarter of 2003.

16  Defendant objected on the grounds that the request is vague and ambiguous given the request does

17  not provide any specifically identifiable information.  Defendant stated that CDCR does not produce

18  or provide transcripts to inmates.

19       Plaintiff argues that it is prejudicial for him to be denied access to the transcription, and

20  without it he will not be able to adequately prepare for trial.  Defendant responds that without more

21  specific information, such as the date of the interview and who conducted it, he cannot determine if

22  an interview was conducted.  Nevertheless, defendant states that he made reasonable attempts  to

23  determine if any such interview was ever conducted, but found nothing to indicate it was, given the

24  common practice is to only conduct video interviews in excessive force matters so that any injuries

25  can be preserved for the record.  Defendant also responds that it is not CDCR's practice to transcribe

26  video interviews and therefore, he would not be able to provide a transcription.

27       Plaintiff may not require defendant to create evidence that does not currently exist.  Plaintiff

28  has requested a transcript of a recorded interview.  Defendant states that such a transcript does not

1   exist because CDCR does not transcribe video interviews.  To comply with plaintiff's request,

2   defendant would be required to create a written transcript of the audio portion of a recorded

3   interview.  Even if plaintiff had provided sufficient information to identify the interview, the court

4   would not require defendant to create a transcript.  Therefore, the court shall deny plaintiff's motion

5   to compel production of a transcript as described in Request #3.

6

7   **Request 4.**        **Plaintiff filed a prior 602 before the 602 on supervisory staff.  This 602 never resurfaced.  I would like a copy of that 602.  The investigators from Sacramento had a copy of it.  I asked for its copy that day, but it was never given to me.**

8

9   Plaintiff requests a copy of a 602 form he filed "before the 602 on supervisory staff."

10  Plaintiff claims that investigators from Sacramento had a copy of the 602 form, and plaintiff asked

11  for a copy but it was never given to him.  Defendant objected to this request on the grounds that it is

12  vague, ambiguous, and it not a request to produce specific identifiable documents.  Defendant stated

13  that such a document should be in plaintiff's Central File ("C-File"), which is available for

14  inspection and copying pursuant to applicable prison policies and procedures.

15  In the motion to compel, plaintiff states that he is requesting the "initial 602" form he filed.

16  (Motion at 7:17.)  Plaintiff alleges that defendant Johnson and other staff deliberately failed to return

17  the 602 form to him because they had an interest in the matter.  Plaintiff states that staff at Avenal

18  State Prison circumvent the appeals system by not processing appeals, not returning them, or

19  destroying them.  Plaintiff claims that the 602 form he describes was never returned to him or placed

20  in his C-File.  Defendant responds that plaintiff's request is vague and ambiguous as to time and

21  subject matter, and without more specific information, such as the date and subject of the 602 inmate

22  grievance, he cannot determine which 602 plaintiff refers to.  Defendant further objects on the

23  grounds that it would be overly burdensome to locate the document plaintiff requests, because it

24  could potentially require the review of hundreds of documents.  Nevertheless, defendant states that if

25  more information is provided by plaintiff, he will provide this document if it is not maintained in

26  plaintiff's C-File.

27  Plaintiff's motion to compel production of the 602 form he requests shall be granted.  Within

28  forty five days of the date of service of this order, defendant shall provide a copy of the 602 form to

plaintiff, whether or not it is found in plaintiff's C-File.  Plaintiff shall immediately provide specific information to defendant to assist him in identifying and locating the document, such as date filed, subject matter, and what is meant by "initial 602 form."

**Request 5.** **I would like a copy of the Minutes of the Men's Advisory Council in regards to the punitive bed moves.**

Plaintiff requests a copy of the minutes of the Men's Advisory Council in regards to the punitive bed moves.  Defendant objected to this request on the grounds that it is vague, ambiguous, and overbroad.  Defendant further objected on the basis that it seeks information, if it exists, that is not relevant to this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant states that he has no knowledge or ability to access this request.

Plaintiff argues that this document is necessary because it would show the perpetual problem concerning punitive bed moves.  Defendant responds that the Men's Advisory Council is an inmate group that provides input to prison officials on some matters, and as a correctional officer, he has no knowledge, possession, custody or control of the inmate discussions or access to the minutes maintained by the group.   Defendant further objects to plaintiff's request because plaintiff did not provide any specific descriptive details regarding the date of those minutes or who would have them.

Rule 34 requests may be used to inspect documents in the "possession, custody, or control" of another party, which in most cases encompasses evidence held by affiliated persons and entities, and includes the legal right to obtain the property on demand. Fed. R. Civ. Pro. 34(a).  Defendant has not provided enough information about the nature of the Men's Advisory Council and its meetings to support his objection that he has no control over the document plaintiff requests.  Nor has defendant described any efforts to identify or obtain the document.  The court shall grant plaintiff's motion to compel production of the minutes.  Within forty five days of the date of service of this order, defendant shall provide plaintiff with a copy of the minutes he requests.  Plaintiff shall immediately provide further information to defendant to assist him in identifying or locating the document, such as the date of the meeting or who would have custody of the minutes.

///

///

1    **Request 6.**    **I would like copies of all interdepartmental memorandums in regards to the no smoking policy.**

2

3    Plaintiff requested copies of all interdepartmental memorandums in regards to the

4    nonsmoking policy.  Defendant objected to this request on the grounds that it is overbroad, overly

5    burdensome, is not a request to produce specific identifiable documents, the burden, expense and

6    intrusiveness of the discovery clearly outweigh the likelihood that the information sought will lead to

7    the discovery of admissible evidence, and it requests confidential information which, if released,

8    may jeopardize the security of the prison or the safety of inmates or staff.  However, despite these

9    objections, defendant provided documents to plaintiff in response to this request.

10    Plaintiff argues that these memos are pertinent because Avenal staff tend to violate their own

11    memos, directives, and policies.  He claims that access would allow him a chance to scrutinize for

12    violations of policies.  Defendant responds that plaintiff's request is clearly overbroad, vague and

13    ambiguous.  Defendant further responds that because plaintiff has not provided specific information

14    about what he is seeking, defendant is left to guess what would satisfy plaintiff's request.  Defendant

15    argues that the request is burdensome given the incredible amount of memoranda that are produced

16    by a state agency.  Despite these objections, defendant provided plaintiff with the following

17    documents when he served responses on plaintiff: 1) Department Operations Manual (DOM) Section

18    31110 - Smoking/Nonsmoking Policy; 2) October 27, 2997 Letter from Warden Madding to Staff

19    and Inmates; 3) December 7, 1998 Administrative Bulletin regarding Tobacco Product Ban at

20    Reception Centers and California Medical Facility; and 4) AB 13 Fact Sheet: California Workplace

21    Smoking Restrictions.

22    The court finds that defendants have adequately responded to this request for production of

23    documents.  Plaintiff states that he is requesting all interdepartmental memos regarding the no

24    smoking policy so that he can scrutinize them for violations of policy.  Such information is not

25    relevant to any of the parties' claims or defenses, nor is it reasonably calculated to lead to admissible

26    evidence.  Therefore, the court shall deny plaintiff's motion to compel further production of

27    documents in response to Request 6.

28    ///

1

**Request 7.**      **I would like copies of all nonconfidential settlements that Avenal has settled in regards to inmates contracting cancer and/or those inmates exposed to secondhand smoke.**

2

3      Plaintiff requested copies of all nonconfidential settlements that Avenal has settled in regards

4   to inmates contracting cancer and/or those inmates exposed to secondhand smoke.  Defendant

5   objected to this request on the grounds that it is overbroad, overly burdensome, is not a request to

6   produce specific identifiable documents, the burden, expense and intrusiveness of the discovery

7   clearly outweigh the likelihood that the information sought will lead to the discovery of admissible

8   evidence, and it requests confidential information which, if released, may jeopardize the security of

9   the prison or the safety of inmates or staff, and information contained in the case records of inmates

10   may not be accessed by other inmates or parolees pursuant to Title 15, California Code of

11   Regulations, Section 3370.

12      Plaintiff argues that this request is pertinent and necessary for the purpose of scrutiny and

13   discovery of admissible evidence, and he cites Title 15 § 3321, Confidential Information, 3321

14   (a)(2), (3), and (4).  Defendant responds that the request as written would require a search of

15   potentially thousands of documents.  Defendant states that he does not have access to, nor does

16   CDCR maintain a document database that can simply recover settlement documents by issue or

17   subject matter, particularly given that the request, as written, could span decades.  Given these facts,

18   defendant responds that the request is burdensome.  Defendant further responds that the request

19   seeks information beyond the scope of his knowledge, possession, custody and control.  Defendant

20   argues that he does not have the legal right to obtain documents regarding the settlement of other

21   inmate cases in which he has no involvement.

22      The court sustains defendant's objections to this request.  Information about settlement

23   agreements in inmate cases is not within defendant Johnson's possession, custody or control.

24   Further, it is overly burdensome to require defendant to search such voluminous records.  The court

25   finds that the burden of producing these documents outweighs the benefit to plaintiff and the

26   likelihood that the information sought will lead to the discovery of admissible evidence.  Therefore,

27   the court shall deny plaintiff's motion to compel production of documents in response to Request 7.

28   ///

1   Based on the foregoing, the court will, by this order, grant plaintiff's motion to compel

2   discovery responses in part.  Defendant Johnson shall produce the documents requested in Request 4

3   and Request 5 of the motion for production of documents served on or about September 27, 2006,

4   within forty-five days from the date of service of this order.  Plaintiff shall immediately provide

5   information to defendant Johnson to assist in identification of the documents requested.

6   **C.     Motion for Sanctions**

7   Plaintiff has moved the court for an order pursuant to Rule 37(a) requiring defendants

8   Johnson and Campbell to pay plaintiff the sum of $2,500.00 as reasonable expenses on the motion to

9   compel.

10   Under Rule 37(a), if a motion to compel is granted, the court must require the party or

11   deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both

12   to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

13   Fed. R. Civ. Pro. 37(a)(5)(A).  However, the court must not order this payment if: (i) the movant

14   filed the motion before attempting in good faith to obtain the disclosure or discovery without court

15   action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

16   (iii) other circumstances make an award of expenses unjust.  Id.  If the motion is granted in part and

17   denied in part, the court may apportion the reasonable expenses for the motion. Fed. R. Civ. Pro.

18   37(a)(5)(c).   Plaintiff argues that defendants' refusal to answer the interrogatories and produce

19   documents had no substantial justification.  Defendants respond that nearly all of plaintiff's requests

20   were overbroad and requested information outside the scope of defendants' knowledge and positions

21   within the CDCR.  Defendants state that they provided responses to plaintiff's interrogatories and

22   requests for production of documents to the extent possible.

23   The court, by this order, shall grant in part plaintiff's motion to compel.  Defendant Johnson

24   ("defendant") is required to produce documents in response to Request 4 and Request 5 of plaintiff's

25   request for production of documents.  In light of this ruling, the court now considers whether

26   defendant is required to pay any of plaintiff's reasonable expenses for the motion to compel.

27   With regard to Request 4, the court finds that defendant's objections were substantially

28   justified.  Plaintiff requested a copy of a 602 form which he described as "the initial 602" he had

filed "before the 602 on supervisory staff."  Defendant Johnson objected on the grounds that plaintiff did not provide enough specific information for him to identify which 602 form plaintiff requested and stated that such documents should be in plaintiff's C-File, which is available to him for inspection and copying.  Plaintiff responded that the form was never placed in his C-File.  Defendant then responded that if plaintiff provided more information, he would produce the document.  The court has ordered plaintiff to provide more information to assist defendant in locating the document requested.  Based on the foregoing, the court finds that defendant's objections to Request #4 were substantially justified and he shall not be required to make payment to plaintiff.

With regard to Request 5, the court finds that defendant's objections were substantially justified.  Plaintiff requested a copy of minutes from a MAC meeting regarding punitive bed moves.  Defendant objected on the grounds that plaintiff did not provide enough information for him to identify when the meeting took place or who would have custody of the minutes.  The court has ordered plaintiff to provide more information to assist defendant in locating the document requested.  Based on the foregoing, the court finds that defendant's objections to Request 5 were substantially justified and he shall not be required to make payment to plaintiff.

The deadline for the completion of all discovery, including motions to compel, was March 22, 2007.  Plaintiff filed the instant motion on March 26, 2007.  In light of the instant order, the court will extend the discovery deadline to May 30, 2008, for the limited purpose of resolving the discovery at issue in plaintiff's March 26, 2007 motion to compel.  The extension of the deadline to May 30, 2008 will provide plaintiff with a limited amount of time in which to file any necessary motions following defendants' response to this order. In addition, because discovery in this action shall remain ongoing, defendants' pending motion for summary judgment, filed on May 23, 2007, shall be denied as premature, without prejudice, and the deadline for dispositive motions shall be extended to June 30, 2008.

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's motion to compel, filed March 26, 2007, is GRANTED in part;

2.    Within forty five (45) days of the date of service of this order, defendant Johnson shall provide plaintiff with a copy of the 602 form requested in Request 4 of the

1   Request for Production of Documents, served on or about September 17, 2006.

2   Plaintiff shall immediately provide to defendant Johnson specific information to assist

3   him in identifying and locating the 602 form, such as date filed, subject matter, what

4   is meant by "initial 602 form," and who would have custody of the form;

5   3.   Within forty five (45) days of the date of service of this order, defendant Johnson

6   shall provide plaintiff with a copy of the Minutes requested in Request 5 of the

7   Request for Production of Documents, served on or about September 17, 2006.

8   Plaintiff shall immediately provide to defendant Johnson specific information to assist

9   him in identifying and locating the Minutes, such as the date of the meeting and who

10   would have custody of the minutes;

11   4.   Plaintiff's motion for sanctions is DENIED;

12   5.   The discovery deadline is EXTENDED to May 30, 2008 for the limited purpose of

13   resolving the discovery at issue in plaintiff's March 26, 2007 motion to compel;

14   6.   The deadline for dispositive motions is EXTENDED to June 30, 2008;

15   7.   Defendants' motion for summary judgment filed on May 23, 2007, is DENIED as

16   premature without prejudice; and

17   8.   The failure of defendant Johnson to comply with this order may result in the

18   imposition of sanctions deemed appropriate by this court.

20   IT IS SO ORDERED.

21   Dated:    **March 11, 2008**            **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

28